UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

STEVEN RAMSAY and JOANN RAMSAY,

   Plaintiffs,

v.

THE CHEESECAKE FACTORY, JOHN DOE EMPLOYEE, EXCEL CLEANING & BUILDING SERVICES, INC., and GEMINI LINEN, INC.

---

CIVIL ACTION NO. 04-3940 (JCL)

**MEMORANDUM & ORDER**

**LIFLAND. District Judge**

  In this diversity action, Plaintiff Steven Ramsay ("Ramsay") claims that he was injured when he slipped and fell at The Cheesecake Factory in Edison, New Jersey[1] on March 19, 2003, while he was delivering food on behalf of his employer. (Amended Complaint ("Compl.") ¶¶ 10, 11, 15)  Plaintiff asserted one common law negligence count against Gemini Linen, Inc. ("Gemini"), The Cheesecake Factory, and Excel Cleaning & Building Services, Inc. ("Excel"), the company which contracted with The Cheesecake Factory for general maintenance and cleaning of its

---

[1] All further references to The Cheesecake Factory are to the one in Edison, New Jersey where the alleged accident occurred.

facilities.  (Id. ¶ 9)

On May 17, 2006, Gemini filed the instant motion for summary judgment. Ramsay and his wife ("Plaintiffs") have not opposed the motion.  To make out its negligence case against Gemini, Ramsay will have to show that Gemini owed a duty of care to Ramsay which it breached, thus causing Ramsay injury.  See Weinber v. Dinger, 106 N.J. 469, 483 (1987).  Because "facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted," and Ramsay has not submitted anything in opposition to the instant motion, the Court has taken as admitted all facts[2] related to Gemini presented in its "Statement of Undisputed Material Facts."[3]  Hill v. Algor, 85 F. Supp. 2d 391, 408 n.2 (D.N.J. 2003)

These admitted facts show that the accident occurred when Ramsay stepped onto a mat which slipped out from under him. (Statement of Undisputed Material

---

[2] However, the Court does not take as admitted the statements in lines 2 (b), (e), and (g) because The Cheesecake Factory has submitted a certification disputing them.  At this stage, the Court makes no determination with respect to the truth or the materiality of those statements.  Those statements have nothing to do with Gemini, and, therefore, have no bearing on the instant motion.

[3] These facts come from the depositions of Ramsay, of Tony Marziano, the executive kitchen manager at The Cheesecake Factory at the time of the accident, of Jason Krynicky, an employee of The Cheesecake Factory, and of Randall John, an operations manager for Gemini.

Facts ¶ 2(j)). Prior to the accident, employees of Excel had been cleaning the floor with buckets of soapy water. (Id. ¶¶ 2(c), 4(e)) The only service Gemini provided for The Cheesecake Factory was cleaning the mats. The Cheesecake Factory would leave the mats on a rack by the back door, and Gemini would then pick up those dirty mats and replace them with clean ones.(Id. ¶¶ 3(b), (c), 5(d)) Gemini was never involved in placing any mats on the floor of The Cheesecake Factory or in instructing any employees of The Cheesecake Factory how to use the mats. (Id. ¶¶ 3(j), 5(c), (e)) Gemini also does not manufacture any products, including the mats. (Id. ¶ 5(b))

The record does not contain any facts or testimony which would suggest that Gemini was in any way involved in the accident, aside from cleaning and delivering the mat on which Ramsay slipped. At trial, Plaintiffs will have the burden of proving negligence, but Gemini has shown that Plaintiffs do not have sufficient evidence to demonstrate that Gemini breached any duty which caused Ramsay's injuries. By choosing not to respond to the instant motion, Plaintiffs have indicated that they cannot dispute the arguments of Gemini.

Accordingly, **IT IS** on this 4th day of August, 2006,

**ORDERED** that the motion of Defendant Gemini Linen, Inc. for summary judgment is granted.

\s\   John C. Lifland, U.S.D.J.